IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FEVZI KAAN OZCAMCA,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN, IAH Secure Adult Detention Facility; DAVID J. VENTURELLA, Acting Director of ICE; MARKWAYNE MULLIN, Secretary of DHS,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00635<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Fevzi Kaan Ozcamca (Ozcamca)'s *Pro Se* Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Ozcamca is a native and citizen of the Republic of Turkey/Türkiye who entered the United States on or about March 26, 2023. *See* [Dkt. 1-1 at 7]. An immigration judge denied Ozcamca asylum, and the Board of Immigration Appeals upheld the denial on July 28, 2026. *Id*. at 8–9. Both decisions were based on Ozcamca's inability to prove that the Turkish government was unable or unwilling to protect him. *Id.* at 9.

On August 17, 2026, Ozcamca, proceeding pro se, brought a habeas corpus petition claiming to be detained in violation of federal law. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Post-Removal Detention

*Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700.

As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six-month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701. Accordingly, Ozcamca must demonstrate that his removal is not reasonably foreseeable. Without an allegation of why removal is not reasonably foreseeable, *at this time* there is no "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Zadvydas*, 533 U.S. at 701. Thus, Ozcamca has not met his burden.

## IV. CONCLUSION

It is therefore **ORDERED** that Ozcamca's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. Any and all pending motions are **DNEIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 18th day of September, 2026.**

Michael J. Truncale
United States District Judge